UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

Edward Dwyer

   v.                                      Civil No. 10-cv-255-JD

Sperian Eye & Face Protection, Inc.

O R D E R

Edward Dwyer brought suit in state court against his former employer, Sperian Eye & Face Protection, Inc., alleging that he was terminated from his job because of his age in violation of the Age Discrimination in Employment Act, the Rhode Island Civil Rights Act, and the Rhode Island Fair Employment Practices Act. Dwyer moves to quash subpoenas issued by Sperian to several witnesses and also moves to "overrule and strike" Sperian's objections to two of Dwyer's requests for admissions. Sperian filed an objection to the motion to overrule and strike but did not object to the motion to quash.

I. Motion to Quash Subpoenas

Dwyer represents that Sperian has issued subpoenas to Dwyer's former employers, who are not parties in this case. Dwyer asks that the subpoenas be quashed because the information and materials sought from his former employers are irrelevant to his claims of age discrimination against Sperian and that the

subpoenas are not calculated to lead to the discovery of admissible evidence. Sperian did not respond to the motion to quash. Dwyer also represents that the information sought by the subpoenas is of a sensitive nature and that Sperian is using the subpoenas to embarrass him.

The scope of discovery generally extends to nonprivileged matters that are relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). A subpoena must be modified or quashed if a timely motion demonstrates that the subpoena fails to allow a reasonable amount of time for compliance, requires a nonparty to travel more than 100 miles, or requires disclosure of privileged or protected matters when no exception applies. Fed. R. Civ. P. 45(c)(3)(A). A subpoena may be quashed or modified if the subpoena requires disclosure of a trade secret or other confidential information, disclosure of an unretained expert's opinion or information, or requires a nonparty to incur substantial expense in order to travel more than 100 miles. Fed. R. Civ. P. 45(c)(3)(B).

Dwyer does not address the grounds for quashing a subpoena under Rule 45. Instead, he argues generally that the information sought by the subpoenas is irrelevant and would serve no legitimate purpose. Dwyer did not provide copies of the challenged subpoenas or otherwise identify what information is

2

sought from the subpoenaed witnesses.  As such, Dwyer has not provided a sufficient basis to support his motion.

II. <u>Motion to Overrule and Strike</u>

Dwyer served requests for admissions on Sperian, and Sperian responded to the requests.  Dwyer moves to overrule Sperian's objection to Request for Admission No. 3 and moves to strike Sperian's answer to Request No. 8 as nonresponsive.  Sperian represents that counsel have resolved the dispute as to Request No. 3 and objects to the motion with respect to Request No. 8.[1]

A party may ask another party to admit matters within the scope of discovery.  Fed. R. Civ. P. 36(a).  In response, the party must admit or deny each request.  Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  <u>Id.</u>  If the requesting party is not satisfied with the responses to requests for admissions, the requesting party may move to determine the sufficiency of a response.  Fed. R. Civ. P. 36(a)(6).  If the

---

[1] Because Dwyer has not contested Sperian's representation that the dispute as to Request No. 3 is resolved, the court will accept the representation as true and will not address that part of the motion.

3

court determines that an answer is not sufficient, the court may either order that the matter is admitted or that an amended answer be served.[2] Id.

In Request No. 8, Dwyer asked Sperian to admit the following statement: "As of May 27, 2009, Sperian Management considered Plaintiff to be qualified for the position of Cost Accountant." Sperian denied the request and explained the answer as follows:

> More specifically, on May 27, 2009, Sperian did not consider Plaintiff to be the most qualified individual for the position of Cost Accountant. Further, given that Plaintiff has an extensive criminal record for embezzlement, and has embezzled large sums of money from several previous employers, Sperian does not consider Dwyer to be qualified for any position, much less a fiduciary position such as cost accountant.

Dwyer contends that Sperian's answer is nonresponsive because he asked a specific question about Sperian's view of his qualification on May 27, 2009.

Sperian's answer to the request for admission is not responsive. Sperian discusses its view as to which candidate was most qualified and information acquired after the specified date. In contrast, the request is whether Sperian management considered Dwyer to be qualified, not the most qualified candidate, for the

---

[2]Sperian represents that Dwyer's counsel failed to consult Sperian's counsel before filing the motion, which likely obviates the penalty otherwise required under Federal Rule of Civil Procedure 37(a)(5).

position of Cost Accountant as of May 27, 2009, not after that date.

Because its answer to Request No. 8 was not sufficient, Sperian shall serve an amended answer within the time allowed below. If Sperian fails to file an amended answer within the time allowed or if the amended answer fails to comply with the requirements of Rule 36, Request No. 8 may be deemed to be admitted.

## Conclusion

For the foregoing reasons, the plaintiff's motion to quash (document no. 20) is denied without prejudice to filing a properly supported motion, and the plaintiff's motion to overrule and strike (document no. 21) is granted as to Request for Admission No. 8.

Sperian shall serve an amended answer to Request No. 8 **on or before July 29, 2011.**

SO ORDERED.

                                          Joseph A. DiClerico, Jr.
                                          United States District Judge
                                          (Sitting by designation.)

July 21, 2011

cc:  James E. Kelleher, Esquire
     Walter C. Hunter, Esquire
     Damon P. Hart, Esquire
     Neal J. McNamara, Esquire
     Rachel Reingold Mandel, Esquire